IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BILLY CLIFTON STEWART,
          Plaintiff,

vs.                                        Case No.: 5:09cv285/RS/MD

FLORIDA DEPARTMENT OF EDUCATION
AND VOC REHAB DIVISION, and
BILL PALMER, STATE DIRECTOR OF
FLORIDA VOCATIONAL REHABILITATION,
          Defendants.

---

## O R D E R

This cause is before the court upon plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (doc. 1) and motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, from a review of the complaint, it is evident that it is not in proper form. It is further evident that the facts as presented fail to support a viable claim for relief under section 1983 as to one or both of the named defendants. The court will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint.

Plaintiff, proceeding *pro se*, has filed this suit against the Florida Department of Education Division of Vocational Rehabilitation ("DVR"), and Bill Palmer, Vocational Rehabilitation State Director, complaining that these defendants improperly denied him vocational rehabilitation services and improperly closed his case file on several occasions.[1]

---

[1]The court notes that plaintiff has two other cases pending before this court: Case 5:09cv280/RS/EMT and 5:09cv286/RS/MD. Defendant Palmer from the instant case and defendant Poteat from case 5:09cv286 were previously named as defendants in case 5:09cv280. The court will decide after plaintiff's submission of amended complaints whether consolidation of any or all of these pending cases is appropriate.

The complaint alleges claims for denial of plaintiff's right to due process and equal protection under 42 U.S.C. § 1983, a violation of Title V of the Rehabilitation Act, 29 U.S.C. § 794, a violation of 18 U.S.C. § 245; and a violation of Title I of the Rehabilitation Act, §§ 29 U.S.C. §705(20)(a) and § 722(c)(1). As relief, plaintiff seeks compensatory damages and injunctive relief (that he "receive services from vocational rehabilitation free from disability type discrimination"). (Doc. 1).

Federal Rule of Civil Procedure 8(a)(2) states in relevant part that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Federal Rule of Civil procedure 8(d)(1), in turn requires each factual allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

In the instant case, the fact section of plaintiff's complaint alleges general improprieties in the handling and closure of his DVR case file, plaintiff's attempts to bring these matters to defendant's attention, and defendant Palmer's allegedly disregarding plaintiff's rights and failing to ensure that his subordinates did as well. Plaintiff claims that Palmer was made aware that plaintiff was being denied DVR services in an "illegal" manner on "dozens of incidences." (Doc. 1, p. 6 ¶ 12). Palmer's personal involvement in the matters, as opposed to his supervisory interest, is not apparent from the allegations of the complaint. Additionally, although the DVR is listed as a defendant in this action, there are no allegations against the agency itself. All in all, it is very difficult to discern the factual basis for each of plaintiff's claims. In amending, plaintiff must conform his allegations to the Rule 8 pleading standard.

As to the substance of plaintiff's claims, it is apparent that some are subject to dismissal. Plaintiff's contends defendant Palmer committed violations under color of law such as are described in 18 U.S.C. § 245. (Doc. 1, p. 8 ¶ 18). Plaintiff is advised that a private individual cannot bring an individual action under 18 U.S.C. § 245, as this is a criminal statute, and the power to prosecute criminal cases is vested exclusively in the

Executive Branch. *See O'Berry v. State Attorneys Office*, 214 Fed. Appx. 654, 657 (11th Cir. July 23, 2007) (unpublished) (affirming district court's finding that a private citizen cannot force the United States Attorney General to bring a criminal prosecution against the named defendants).

Plaintiff also seeks relief under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. (Doc. 1, p. 8 ¶ 17). Section 794 provides:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794(a). A private right of action is available for violations of this provision. *Barnes v. Gorman*, 536 U.S. 181, 185 (2002). However, plaintiff has not clearly alleged any facts tending to show that he was denied rehabilitation benefits because of his disability. A liberal reading of plaintiff's allegations indicate that he sought benefits from DVR to *address* a disability, although he does not specify the nature of this disability. The basis for the case closures and the allegedly improper denial of benefits is unclear. Absent an allegation that a disability was the reason plaintiff was denied benefits by the DVR, his Rehabilitation Act claim cannot proceed.

Plaintiff also seeks relief under 29 U.S.C. §705(20)(a) and § 722(c)(1), arguing that the denial of services violated these statutory provisions. (Doc. 1, p. 12 ¶ 25). These provisions are contained in Title I of the Rehabilitation Act. Title I is intended to assist States in operating statewide programs of vocational rehabilitation. 29 U.S.C. § 720(a)(2). Section 705, the specific provision under which plaintiff seeks relief, is the "Definitions" section, with subparagraph 20 defining an "Individual with a Disability." This definitional section does not create an implied private right of action for the denial of services. The other specific provision under which plaintiff brings a claim is §722(c)(1). This subsection provides: "Each State shall establish procedures for mediation of, and procedures for review through an impartial due process hearing of, determinations made by personnel of the designated State unit that affect the provision of vocational rehabilitation services to applicants or eligible individuals." 29 U.S.C. § 722(c)(1). However, this particular provision

requiring the establishment of administrative remedies does not create a private right of action for plaintiff to challenge the closure of his case file or denial of services.[2]

Plaintiff's remaining claims arise under 42 U.S.C. § 1983. Specifically, plaintiff asserts First and Fourteenth Amendment claims, seeking compensatory damages against the defendants "for the nearly 10 years of lost professional employment opportunity that [plaintiff] has suffered . . . and prays for $1,000,000 in [p]unitive damages." (Doc. 1, p. 9 ¶¶ 27 & 28). Plaintiff is advised that to the extent he seeks money damages under § 1983 for the violation of his constitutional rights, such claims cannot be pursued against the DVR. Suits against a State or its agencies "for the recovery of money from the State" are barred by the doctrine of state sovereign immunity. *Edelman v. Jordan*, 415 U.S. 651, 672 (1974). Sovereign immunity extends not only to the State itself, but to "arms of the State;" i.e., its agents and instrumentalities. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). As a Florida government agency, the Division of Vocational Rehabilitation is entitled to sovereign immunity from plaintiff's § 1983 claims for money damages. Therefore, such claims are subject to dismissal.

As for defendant Palmer, plaintiff does not indicate whether this defendant is being sued in his individual capacity, official capacity, or both. In amending, plaintiff should clarify this issue. He is advised that to the extent he seeks money damages against Mr. Palmer in his official capacity for the violation of his civil rights, defendant Palmer is entitled to the sovereign immunity enjoyed by the entity he represents. *Smith v. Allen*, 502 F.3d 1255, 1272 (11th Cir. 2007) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 (1985)). Therefore, any § 1983 claims seeking money damages against defendant Palmer in his official capacity are likewise subject to dismissal.

In amending, plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If plaintiff determines that he cannot state a claim for relief, he should file with the court a notice of voluntary dismissal of this action. If plaintiff chooses to file an amended

---

[2]As previously noted, plaintiff does not assert a discrete claim that he seeking review of a final agency decision.

complaint, he must completely fill out a new complaint form, marking it "**Amended Complaint.**"  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged statutory or constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the "Statement of Facts," plaintiff should clearly describe how each named defendant is involved in each alleged violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged acts.  If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint.  In the section entitled "Statement of Claim," plaintiff must state what rights under the Constitution or laws of the United States have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.

Accordingly, it is ORDERED:

1.  Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

2.  The clerk of court is directed to forward to the plaintiff a complaint form for use in non-prisoner *pro se* actions under 28 U.S.C. § 1331 or 42 U.S.C. §1983.  This case number should be written on the form.

3.  Within **thirty (30) days** from the date of this order, plaintiff shall file an amended complaint, which shall be typed or clearly written and submitted on the court form as instructed above.  Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 27th day of August, 2009.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:09cv285/RS/MD*