IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BILLY CLIFTON STEWART,
    Plaintiff,

vs.                                        Case No.: 5:09cv285/RS/MD

FLORIDA DEPARTMENT OF EDUCATION
AND VOC REHAB DIVISION, et al.,
    Defendants.

---

**O R D E R**

    This cause is before the court upon plaintiff's amended complaint. (Doc. 22). referral from the clerk. Plaintiff initiated this action on August 17, 2009 by filing a complaint against the Florida Department of Education Division of Vocational Rehabilitation ("DVR"), and Billy Palmer, Florida Vocational Rehabilitation State Director, complaining that these defendants improperly denied him vocational rehabilitation services and acquiesced in the improper closure of his case file. The complaint alleged claims for denial of due process under 42 U.S.C. § 1983; violation of 18 U.S.C. § 242; violation of section 504 (now Section 794) of the Rehabilitation Act, 29 U.S.C. § 794; violation of Title 18 U.S.C. § 245, and violation of §§ 29 U.S.C. §705(20)(a) and § 722(c)(1). As relief, plaintiff sought compensatory damages and injunctive relief. (Doc. 1).

    Because the complaint was not in proper form and failed to state a viable claim for relief under the asserted legal theories, the court directed plaintiff to file an amended complaint. (Doc. 6). Plaintiff filed a pleading entitled "Motion is Made for There to be A Judicial Review (OF the Final Order For Hearing 07-4625CVR That was Signed on August 8, 2008 by Florida Commissioner of Education Eric J. Smith. The Plaintiff Believed the Actions that He had Already Taken Were Sufficient to Qualify as a Petition for Such a

Review to Take Place and He Believed a Review Was Already Coming." (Doc. 11). The "motion" was denied as it failed to comply with the court's order directing plaintiff to file an amended complaint. (Doc. 13). Plaintiff also filed a "Memorandum Concerning Plaintiff's Intent," a "Motion for a Continuance and to be Allowed to Present Complaint on 11-19-09," a "Motion to be Allowed to Present Complaint on 11-16-09 Because of Inability to Request Earlier Continuence (sic)" and an Amended Complaint. (Doc. 15, 16, 17 & 18).

This was followed by a "Motion to be Allowed to Present this Amended Complaint against Bill Palmer on 11-19-09 as Instructed by Order Received after Already Having Erroneiously (sic) Presented a Complaint Less Properly Prepared for Which a Motion is Now Made for the Court to Disregard" (doc. 21) and another Amended Complaint. (Doc. 22).

Finally, plaintiff filed a pleading entitled The Plaintiff Objects to Being Denied an Opportunity to Have a Judicial Review of Hearing 07-4635CVR, and he Objects to Being Ordered to File His Claim in a Format that Apparently Cannot result in Financial Compensation for his Catastrophic Loss of Reputation, Property and Health. (Doc. 24). The court denied this motion, advising plaintiff that if he wished to dismiss this case to pursue it in state court, he was free to do so. (Doc. 25). A similar pleading was filed and order was entered in another of plaintiff's pending cases. (Case 5:09cv286/RS/MD (doc. 24 & 25)

As plaintiff was informed in his other pending case, the manner in which plaintiff is litigating this case is improper. Plaintiff has engaged in a pattern of filing a complaint succeeded by various documents seeking to explain, clarify, correct or modify that complaint, instead of clearly setting forth such matters in the complaint itself. Furthermore, although plaintiff submits his complaints on a reasonable facsimile of the court form, his complaints do not comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, or the central purpose of the form. This court's use of forms for *pro se* litigants was implemented as a matter of administrative convenience. Courts that have a large volume of *pro se* actions, as does this court, save valuable time if they are not required to decipher lengthy and often unintelligible complaints. Plaintiff's complaints are

cases in point, in that plaintiff presents unclear and overly verbose narratives providing detail far exceeding that necessary to put the defendants on notice of the nature of his claims and the essential facts upon which they rely.

Plaintiff will now be required to file a third and final amended complaint that complies with the Rules of Federal Procedure and the guidelines of the complaint form. In the alternative, he should file a notice of voluntary dismissal.

If he chooses to amend, in amending, plaintiff must completely fill out a new civil rights complaint form, marking it "**Third Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue, and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place the defendants' names in the style of the case on the first page of the complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. In the section entitled "Statement of Claim," plaintiff must state what rights under the Constitution or laws of the United States have been violated, and he must provide support in the statement of facts for the claimed violations.

Plaintiff is advised that the third amended complaint must be filed in its entirety with all of the amendments incorporated therein. Matters not set forth in the third amended complaint will be deemed abandoned. N.D. Fla. Loc. R. 15.1. However, he should not include unnecessary and extraneous detail, as set forth above.

Finally, plaintiff is advised that he may file a legal memorandum, but only for the purpose of providing citation of legal authorities in support of his claims. Plaintiff shall not use a memorandum or any other document to expand on the complaint, provide the court with additional facts, or explain his intentions.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a complaint form for use in non-prisoner *pro se* actions under 28 U.S.C. § 1331 or 42 U.S.C. §1983. This case number shall be written on the form.

2. Within **thirty (30) days** from the date of this order, plaintiff shall file a third and final amended complaint, which shall be typed or clearly written and submitted on the court form as instructed above. Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action. In the alternative, plaintiff should file a notice of voluntary dismissal.

DONE AND ORDERED this 8th day of December, 2009.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**