IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BILLY CLIFTON STEWART,
        Plaintiff,

vs.                                5:09cv285/RS/MD

FLORIDA DEPARTMENT OF EDUCATION
AND VOC REHAB DIVISION, et al.,
        Defendants.

_____

## O R D E R

      Plaintiff Billy Clifton Stewart currently has three cases pending before the undersigned: 5:09cv285/RS/MD, 5:09ccv286/RS/MD and 5:10cv28/RS/MD. Despite the fact that plaintiff names different defendants in the three cases, upon a review of the respective files in these cases, the Court has determined that these cases present significant common questions of fact or law. Each of the three cases arises out of the alleged wrongs that occurred in the course of plaintiff's quest to obtain vocational rehabilitation benefits. Some of the same actions and events are repeated throughout the pleadings in each case, and whether named as defendants in each case or not, the same individuals' names appear in more than one case. Accordingly, pursuant to Rule 42(a), Fed. R. Civ. P., these cases shall be consolidated for all further proceedings. Therefore, **all further papers and pleadings shall be filed only in Case No. 5:09cv285/RS/MD**.

      In one of his pending cases, at the time he filed his most recent complaint, plaintiff mentioned that he "may make a motion to dismiss without prejudice soon because he has a wish to attempt to make a complaint in Florida Court." (Case 5:09cv286/RS/MD, doc. 26 at 1). Nothing further was filed in that case and the status of plaintiff's desire to file a

complaint in state court is not clear. He may have already done this. If he has, he should file a notice of voluntary dismissal of this case.

If, on the other hand, plaintiff wishes to proceed with this consolidated action, he will be required to file a unified Fourth Amended Complaint in which he sets forth his claims and allegations against all defendants. Plaintiff should be mindful that he should balance the requirements of Rule 8 of the Federal Rules of Civil Procedure, which instructs litigants to include a "short and plain statement of the claim," with the necessity to provide sufficient detail from which the court may assess whether plaintiff has presented a viable claim, and perhaps ultimately, for the defendants to respond to plaintiff's allegations. Plaintiff has previously been advised that he should not fill his pleadings with irrelevant historical and background material which is not directly related to the claims asserted in the "Statement of Claims" section of the complaint. For plaintiff's benefit, the court will also provide some additional guidance to him regarding the appropriate presentation of his case, as it has done previously when it noted the lack of legal viability of some of the claims he purported to raise. For instance, in more than one of the underlying complaints, he appears to wield the terms "equal protection" and "due process" without a full understanding of their legal meaning, and hence without providing adequate factual support for these claims.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." It is comprised of both a procedural and a substantive component.

The initial question with any due process challenge is whether the injury claimed by the plaintiff is within the scope of the Due Process Clause. *Behrens v. Regier*, 422 F.3d 1255, 1259 (11th Cir. 2003) (citing *Smith ex. rel. Smith v. Siegelman,* 322 F.3d 1290, 1296 (11th Cir. 2003)). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972) (cited in *Behrens,* supra). Plaintiff must therefore identify a liberty or property interest of which he was deprived such that an actionable procedural due process violation ensued.

The substantive component of the Due Process Clause also protects rights that are "fundamental," that is, rights that are implicit in the concept of ordered liberty. *Behrens*, 422 F.3d at 1264 (quoting *McKinnery v. Pate*, 20 F.3d 1550, 1556 (11 th Cir. 1994) (internal quotations omitted). Fundamental rights are those rights created by the Constitution. *Greenbriar Vill., L.L.C. v. Mountain Brook, City,* 345 F.3d 1258, 1262 (11th Cir. 2003) (citing *DeKalb Stone, Inc. v. county of DeKalb, Ga.*, 106 F.3d 956, 959 n.6 (11 th Cir. 1997). Property interests are not constitutional in origin. *Greenbriar Village,* 345 F.3d at 1262 (citing *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). Absent a basis for a claim of a substantive due process violation, he should omit reference to this sort of claim from his Fourth Amended Complaint.

In order to state an equal protection claim, a plaintiff must prove t hat he was discriminated against by establishing that other similarly situated individuals outside of his protected class were tr eated more favorably. *Amnesty Intern., USA v. Battle,* 559 F.3d 1170, 1180 (11th Cir. 2009) (*citing GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998). Thus the identification of these individuals comprises a part of the claim itself. *Id.* Plaintiff must identify the existence of "similarly situated individuals" or there is no basis for an equal protection claim.

Plaintiff has made reference to 28 U.S.C. § 1985(3) in each of the underlying cases. To state a claim under § 1985( 3), a plaintiff must all ege: (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States. *Jimenez v. Wellstar Health System ,* 596 F.3d 1304, 1312 (11th Cir. 2010) (citing *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1379 (11th Cir.1997)). Again, with respect to this claim, plaintiff has failed to identify similarly situated individuals to support his assertion that he was subjected to an equal protection violation. If he cannot do this, he should dr op this c laim from his Fourth Amended Complaint.

Title 29 U.S.C. § 794(a) provides in per tinent part that "no otherwise qualified individual with a disability . . . shall solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financ ial assistance. . . " To the extent plaintiff wishes to raise a claim under this s ection, he must establish that he was "otherwise qualified" for the positions he was allegedly denied.

Plaintiff has named Eric Smith, the Co mmissioner of the Florida Department of Education and Vocational Rehabilitation, as a defendant in more than one of the underlying cases. However, there are no allegations against Mr. Smith in the complaints. Plaintiff should also be aware that *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Goebert v. Lee County,* 510 F.3d 1312, 1331 (11th Cir. 2007); *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003) ; *Harris v. Ostrout,* 65 F.3d 912, 917 (11 th Cir. 1995). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne, 326* F.3d 1352, 1360 (11th Cir. 2003); see also *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 ( 11th Cir. 1991). Thus, one cannot be held liable for the actions or om issions of others, but c an only be held responsible if he participated in the deprivati on of plaintiff's constitutional rights. *Marsh, supra; Harris v. Ostrout*, 65 F.3d 912, 917 (11 th Cir. 1995) . The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone, supra,* (quoting *Gonzalez v. Reno*, 325 F.3d at 1228, 1234 ( 11th Cir. 2003) (quoting *Braddy v. Fla. Dept. of Labor & and Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998))); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir. 1985). A supervisor ordinarily cannot be held liable under a *respondeat superior* theory for the acts and omissions of individuals acting in

contravention to policy. *Tittle v. Jefferson County Commission,* 10 F.3d 1535, 1540 (11th Cir. 1994). However, the causal connection may be established when a supervisor's "custom or policy ... result[s] in deliberate indifference to constitutional rights" or when facts support an inference that the supervisor "directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Goebert v. Lee County,* 510 F.3d 1312, 1331 (11th Cir. 2007) (citation omitted); *Cottone*, 326 F.3d at 1360. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Cottone,* 326 F.3d at 1360-1361 (quoting *Gonzalez*, 325 F.3d at 1234).

Plaintiff also states that some of his claims are against the defendants in their "official capacities." Such claims are likely barred by Eleventh Amendment immunity. Although, by its terms, the Eleventh Amendment does not bar suits against a state in federal court by its own citizens, the Supreme Court has extended its protections to apply in such cases. *Abusaid v. Hillsborough County Bd. of County Com'rs*, 405 F.3d 1298, 1303 (11th Cir. 2005) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); see also *Manders v. Lee*, 338 F.3d 1304, 1308 n. 8 (11th Cir. 2003) (en banc)). Absent waiver or express congressional abrogation, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court. *See Federal Maritime Commission v. South Carolina State Ports Authority,* 535 U.S. 743, 122 S.Ct. 1864, 1877-78, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Department of Heath and Rehabilitative Services*, 779 F.2d 1509, 1511 (11th Cir. 1986). A suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45, 58 (1989). Thus, a plaintiff may not bring a § 1983 action for monetary

damages against the state or state officials in their official capacities.  *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004).[1]

In amending, plaintiff should carefully review the foregoing, as well as the court's previous orders in each of  the underlying  cases, to determine whether he can present allegations sufficient to state a cause of action under the relevant law against any of the individuals he wishes to name as a defendant.  If plaintiff chooses to file a Fourth Amended Complaint, he should name as defendants only those persons who are responsible for the alleged constitutional violations.  In the statement of facts, plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separat ely numbered paragraphs and including spec ific dates and times of the alleged unconstitutional acts.    The facts relating to each defendant should be set out clearly and in   enough detail to s upport the legal conclusions in the complaint.  *Randall v. Scott,* ___ F.3d. ___, 2010 WL 2595585 (11th Cir. 2010).  If plaintiff cannot state exactly how a particular defendant harmed him, or the defendant's actions do not rise to the level of an actionable constitutional or statutory violation, he should delete or drop that person as a defendant from his complaint.  In the section entitled "Statement of Claim," plaintiff must state what rights he contends  have been violated, and he must provide support in the statement of facts for the claimed violations.  Plaintiff is advised that the amended complaint must contain all of hi  s allegations because once an amen ded complaint is filed, any matters not raised therein are deemed abandoned.  Local Rule 15.1, Northern District of Florida.  However,  plaintiff's Fourth Amended Complaint should not exceed 25 pages, absent leave of court.[2]

---

[1]State officials in their official capacities are not immune from claims for prospective declaratory or injunctive relief. *Powell v. Barrett*, 496 F.3d 1288, 1308 & n. 27 (11th Cir. 2007); *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004) (citing *Will*, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2312 n. 10 105 L.Ed.2d 45 (1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985)); *Ex parte Young*, 209 U.S. 123, 159-60, 28 S.Ct. 441, 453-54, 52 L.Ed. 714 (1908); see *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir.1995); *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir.1989)).

[2]This limitation should not be difficult in spite of the consolidation of three cases.  Each of those cas es contains repetitive and superfluous background or allegations, and many of the claims plaintiff purported to raise are not legally viable.

Plaintiff should file a single copy of the Fourth Amended Complaint bearing the case number **5:09cv285/RS/MD** and an original signature with the Court and keep an identical copy for himself.  Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint.  The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.  Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.  Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1.   The clerk is directed to consolidate cases 5:09cv285/RS/MD; 5:09cv286/RS/MD; 5:10cv28/RS/MD.  A copy of this order shall be placed in each of those cases.  All future pleadings shall be filed in 5:09cv285/RS/MD.

2.   The plaintiff shall have **twenty-eight (28) days** in which to file a Fourth Amended complaint, which shall be typed or clearly written and shall follow the format of standard court forms and the instructions contained herein.

3.   If plaintiff has chosen to pursue his claims in state court or no longer wishes to pursue his claims in this forum or at this time, he should file a Notice of Voluntary Dismissal.

4.   In any event, failure to submit an amended complaint as instructed will result in a recommendation of dismissal without prejudice of this entire action.

DONE AND ORDERED this 5th day of August, 2010.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**